DIEZ & ARRARÁS *v.* BASCOS ET AL.

APPEAL from the District Court of Mayagüez.

No. 31.—Decided January 29, 1904.

LACK OF CAPACITY—PROCEEDINGS.—Although the want of personal capacity may render null and void the proceedings instituted by a party who, without any right, has prosecuted an action, such proceedings become valid *ipso facto* as soon as the aforesaid incapacity has been removed.

CONTRACTS—NULLITY—CONSENT GIVEN THROUGH ERROR OR DECEIT—EVIDENCE.—One of the essential requisites to the validity of a contract is the consent of the contracting parties, and consent given through error or deceit produces the nullity of the contract, and the party who alleges the nullity thereof must sustain the allegation by satisfactory evidence.

ID.—ACTIONS FOR NULLITY.—The action for nullity of contracts shall subsist for only four years, but in cases in which it is based on error or deceit the time must be computed from the execution.

DECEIT AND ERROR.—Deceit and error are never presumed, it being necessary to prove them in each case.

DOLO Y ERROR.—El dolo y el error no se presumen sicado necesario probarlo en
    todo caso.
ACTO DE CONCILIACIÓN.—INTERRUPCIÓN DE LA PRESCRIPCIÓN.—El acto de con-
    ciliación no puede producir el efecto de interrumpir la prescrip-
    ción ,á no ser que se promoviere el correspondiente juicio dentro de los dos
    meses siguentes á la celebración del acto sin avenencia.
COSTAS.—Las costas deben imponerse á la parte cuyas pretensiones sean total-
    mente desestimadas.

### EXPOSICIÓN DEL CASO.

Vistos estos autos ejecutivos promovidos en la Audiencia
de Mayagüez entre partes de la una los Sres. Diez y Arrarás
como liquidadores de Sucesores de Antonio Diez dirigidos
y representados en esta superioridad por el Letrado Don Ra-
fael López Landrón como apelados y demandantes y de la
otra Don José Bascos, Doña Monserrate García, su esposa, y
Doña Narcisa Bascos á quienes representa y dirige el abo-
gado Don Fernando Vázquez como apelantes y demandados,
sobre cobro de un crédito hipotecario, pendiente ante *nos* en
virtud de recurso de casación, hoy de apelación, interpuesto
por los ejecutados contra la sentencia pronunciada que copia-
da á la letra dice así:

Sentencia.—En la Ciudad de Mayagüez á veinte y nueve de
Enero de mil novecientos tres, visto en juicio oral y público los
presentes autos ejecutivos seguidos entre partes; de una como de-
mandante, el Letrado Don Antonio Manrique de Lara. en representa-
ción de la Mercantil Diez y Arrarás, liquidadores de Antonio Diez,
del domicilio de Añasco; y de la otra, como demandados, Doña Nar-
cisa Bascos y García, Don José Bascos y Doña Monserrate García, y
en su nombre el Abogado Don Fernando Vázquez Ramos, sin que
consten las generales de ninguno de los demandados. *Resultando*:
que la representación profesional de los Sres. Diez y Arrarás dedujo
ante este Tribunal con fecha 5 de Marzo de 1902 demanda ejecutiva
contra Doña Narcisa Bascos y García, Don José Bascos y Doña
Monserrate García fundándola en los siguientes hechos: que por
escritura pública cuya primera copia se acompañaba, los citados de-
mandados reconócieron hallarse adeudando á sucesores de Antonio

PROCEEDINGS TO AVOID LITIGATION—INTERRUPTION OF PRESCRIPTION.—Proceedings to avoid litigation cannot produce the effect of interrupting prescription if the particular action be not instituted within the two months following the unsuccessful attempt to reach a conciliation by said proceedings.

COSTS.—Costs must be imposed upon the party whose petitions are in all things denied.

## STATEMENT OF THE CASE.

In this case summary proceedings were instituted in the "Audiencia" of Mayagüez by Messrs. Diez & Arrarás, as liquidators of "Sucesores de Antonio Diez," represented in this Supreme Court by Rafael López Landrón attorney-at-law, respondents and plaintiffs, and José Bascos, Monserrate García, his wife, Narcisa Bascos, represented by Fernando Vásquez, attorney-at-law, appellants and defendants, for the recovery of a mortgage debt, pending before us on appeal in cassation, now ordinary appeal, taken by the execution debtors, from the judgment, which reads as follows:

"Judgment.—In the city of Mayagüez, January twenty-ninth, one thousand nine hundred and three. An oral and public hearing was had in the executory action wherein the parties are Antonio Manrique de Lara, attorney-at-law, plaintiff, as the representative of the mercantile firm of Diez & Arrarás, liquidators of Antonio Diez, domiciled in Añasco, the defendants being Narcisa Bascos y García, José Bascos and Monserrate García, and on their behalf Fernando Vásquez Ramos, attorney-at-law, the civil status of the defendants not appearing upon the record.

"On March 5, 1902, the legal representative of the firm of Diez & Arrarás brought an executory action in this court, against Narcisa Bascos y García, José Bascos and Monserrate García, alleging the following facts: That by deed, whereof first copy was submitted, the aforesaid defendants acknowledged being indebted to Successors of Antonio Diez for the sum of six thousand five hundred *pesos*, provincial money, equal to three thousand nine hundred dol-

Diez la suma de *seis mil quinientos pesos* provinciales, equivalentes á *tres mil novecientos dollars,* cantidad que se obligaron á restituir el día treinta y uno de Diciembre de mil ochocientos noventa y siete; que la referida suma de seis mil quinientos pesos provinciales se comprometieron á abonarla los deudores solidaria y mancomunadamente, satisfaciendo interín se efectuase el pago, el interés del uno por ciento mensual; que á la seguridad de esta obligación hipotecaron los deudores una finca rústica de su propiedad radicada en el barrio de Obejas, término municipal de Añasco, finca que se relaciona y describe en la cláusula primera de la escritura de hipoteca acompañada, y que sus mandantes habían en varias ocasiones requerido de pago á sus deudores, sin haberlo conseguido: pidiendo en la súplica de su demanda, que se despachase mandamiento de ejecución contra los bienes de los deudores en cantidad suficiente á cubrir mil digo *tres mil novecientos dollars* intereses vencidos y por vencer, al tipo estipulado y costas que se originasen. *Resultando:* que examinados los documentos en que el ejecutante basaba su acción, el Tribunal por auto de siete de Marzo de 1902 despachó la ejecución, habiéndose trabado embargo con fecha 12 del citado mes, sobre la finca rústica, casa-habitación, máquina de descascarar café, tanque y demás bienes que se describen en la diligencia de embargo al fólio 26 de estos autos citándose acto continuo á los deudores de remate personalmente con entrega de la correspondiente cédula, copia de la demanda y documentos acompañados.

*Resultando:* que habiéndose opuesto el Letrado Don Juan Quintero en nombre de Don José Bascos y de su esposa Doña Monserrate García, á la ejecución deducida, alegó en su oposición la falta de personalidad de los demandantes, fundándola en que las escrituras de Sociedad de Sucesores de Antonio Diez, sociedad en comandita y la de la sociedad ejecutante no habían sido inscritas en el Registro Mercantil, y carece además de personalidad por no haber acreditado el carácter de liquidadores de los Señores Antonio Diez y Don José Arrarás, sin que tampoco se haya acompañado debidamente inscrita la escritura de aquella sociedad, solicitando que en su día se declarase con lugar la excepción alegada y en su consecuencia no haber lugar á pronunciar sentencia de remate con imposición de las costas á la sociedad ejecutante.

*Resultando:* que el abogado Sr. Hidalgo, á nombre de Doña Narcisa Bascos, formuló su oposición bajo los siguientes términos: que Don José Bascos empezó á llevar cuentas con Don Antonio Diez desde

lars, which sum they engaged to pay on December 31, 1897; that the said sum of six thousand five hundred *pesos,* provincial money, the debtors agreed to pay jointly and severally, meantime paying interest thereon at one per cent. per month; that as security for said obligation the debtors mortgaged a farm belonging to them, situated in *barrio* 'Ovejas,' within the municipal district of Añasco, the same being described in clause 1 of the mortgage deed, also submitted; and that his clients had on several occasions demanded payment of the debtors, without success. He prayed that a writ of execution be issued against the property of the debtors for an amount sufficient to cover three thousand nine hundred dollars, with interest accrued and to accrue, at the stipulated rate, and such costs as might be incurred.

"Upon examination of the documents on which the execution creditor based his right of action, the court issued the writ of execution, on March 7, 1902, and on the 12th of said month an attachment was levied on the farm, dwelling-house, machine for pulping coffee, tank, and other property described in the attachment proceedings on file at folio 26 of the record, the debtors immediately thereafter being summoned to appear at the public sale by service of process, together with copy of the complaint and documents accompanying the same.

"The execution was opposed by Juan Quintero, attorney-at-law, on behalf of José Bascos and his wife Monserrate García, who pleaded the dilatory exception of want of legal capacity on the part of the plaintiffs, upon the ground that the articles of copartnership of Successors of Antonio Diez, limited, and of the attaching firm had not been recorded in the commercial registry, and was, furthermore, without capacity because it had failed to establish its character as liquidators of Antonio Diez and José Arrarás, nor had the articles of this copartnership, recorded in due form, been placed on file; wherefore he prayed that the exception taken be in due time sustained and that the judgment ordering a public sale be not rendered, with costs against the attaching firm.

"Hidalgo, attorney-at-law, on behalf of Narcisa Bascos, opposed the execution upon the following grounds: That José Bascos had begun dealings in account current with Antonio Diez, on February

el 3 de Febrero de 1887, cuenta que fué saldada en 16 de Diciembre del propio año; que reanudada la cuenta en 1888 fué liquidada y saldada en 18 de Diciembre del mismo año, continuándose posteriormente, y liquidándose en 10 de Enero de 1890 en cuya fecha quedó adeudando Bascos mil ochocientos treinta y ocho pesos con diez y ocho centavos: que anualmente se liquidaba la cuenta que llevaban Diez y Bascos, cargandose á éste los intereses convenidos y cargándose, como primera partida el saldo de la cuenta después de balanceada, y de esta manera continuábanse las negociaciones entre ambos; que esta cuenta no sufrió ninguna interrupción nunca y que á fines de Diciembre de 1894 se practicó una liquidación en la que resultó adeudando Bascos tres mil ciento setenta y nueve pesos veintiocho centavos; que al constituirse la sociedad ''Sucesores de Antonio Diez'' S. en C. de la que era comanditario Don Antonio Diez, vino á formar parte del capital de la misma, el saldo que á este Señor adeudaba Narciso Bascos ó sean los tres mil ciento setentinueve pesos veintiocho centavos, ya nombrados, cuyo saldo figuró adeudando el Señor Bascos á Sucesores de Antonio Diez S. en C. á primero de Enero de 1895; que Bascos continuó sus operaciones con la Mercantil ultimamente citada hasta que á principio de Enero de 1898 se hizo una nueva liquidación, y en ella quedó adeudando seis mil y pico de pesos; que Doña Narcisa Bascos ni siendo menor de edad, ni tampoco cuando lo fué mayor de edad, llevó negociaciones de ninguna clase con Antonio Diez ni con Sucesores de Antonio Diez, S. en C. y que Don José Bascos mientras hizo negociaciones con las dos mercantiles citas era comerciante matriculado, á cuyo establecimiento iban destinadas las mercancias, motivo de la cuenta, y que por tanto nada podía adeudar Doña Narcisa que no era comerciante; que Don Antonio Diez primero y Sucesores de Antonio Diez después, siempre contrataron con Don José Bascos, hasta que vieron que este Señor perdió á consecuencia de unos pleitos, una finca que poseía en el barrio de Miradero, de este término Municipal, desde cuyo momento trataron de conseguir y lo consiguieron, con maquinaciones insidiosas que Doña Narcisa Bascos, con una finca que poseía á título de donación en el barrio de Ovejas, del término Municipal de Añasco, garantizase la cuenta engendrada por su Señor Padre, garantía hipotecaria que se constituyó por escritura de 24 de Febrero de 1898, ante el Notario Don Santiago R. Palmer, figurando en dicho otorgamiento además de Doña Narcisa Bascos, los padres de ella Don José Bascos y Doña Monserrate García, comprometiéndose en dicha escritura solidaria-

3, 1887, which account was balanced on December 16 of the same year; that said account having been renewed in 1888, it was liquidated and balanced on December 18 of the same year, and continuing afterwards, was liquidated on January 10, 1890, when Bascos appeared with a balance against him amounting to one thousand eight hundred and thirty-eight *pesos* and eighteen *centavos;* that each year the account between Diez and Bascos was liquidated, the interest agreed upon being charged to the latter, and the resulting balance entered as first item of the liquidated account, in which manner business between them continued to be carried on; that said account had never undergone interruption, and at the end of December, 1894, a liquidation was made resulting in a balance against Bascos of three thousand one hundred and seventy-nine *pesos* and twenty-eight *centavos*; that when the firm of Successors of Antonio Diez, limited, was organized, and of which Antonio Diez was silent partner, the balance due the latter by Narcisa Bascos, namely, the said three thousand one hundred and seventy-nine *pesos* and twenty-eight *centavos,* became part of the capital of the new firm, which balance stood against Bascos and in favor of Sucessors of Antonio Diez, limited, on January 1, 1895; that Bascos continued doing business with the latter firm until the beginning of January, 1898, when another liquidation was made showing a balance against him amounting to six thousand and some odd *pesos*; that Narcisa Bascos had had no business dealings whatsoever, either when a minor or after she became of age, with either Antonio Diez or Successors of Antonio Diez, limited, and that José Bascos, while doing business with both aforesaid mercantile firms, was a registered merchant, the goods giving rise to the debt being intended for his establishment, for which reason Narcisa could not owe anything, as she was not a merchant; that first Antonio Diez and afterwards Successors of Antonio Diez had always dealt with José Bascos, until they saw that the latter, through litigation, had lost a farm he owned in *barrio* 'Miradero,' within this municipal district, and from that moment they displayed all their efforts to induce and succeeded, by means of insidious stratagems, in inducing Narcisa Bascos to guarantee the debt contracted by her father, with a farm she held by donation in *barrio* 'Ovejas,' within the municipal district of Añasco, which she did by mortgage deed executed February 24, 1898, before Notary Santiago R. Palmer, her parents, José Bascos and Monserrate García, appearing with her in said instrument as grantors, and all of them

mente al pago todos los otorgamtes; y que no hacía un mes que su mandante Bascos había entablado juicio de conciliación en el Juzgado Municipal de Añasco para obtener la nulidad de la escritura hipotecaria á que se ha hecho referencia anteriormente, solicitando que se declarase nula la escritura que sirvió de título á la ejecución y así mismo nulo el juicio ejecutivo en lo que se refiere á Narcisa Bascos.

*Resultando* : que conferido traslado de la oposición formulada por Narcisa Bascos al ejecutante, la evacuó en los términos que se expresan; que José Bascos siempre contrató en utilidad y provecho de su familia y de los bienes de ésta; que su hija Narcisa Bascos no era desconocedora de estas operaciones, pues ella misma en varias ocasiones se entendía con sus patrocinados directamente, solicitan- avances y provisiones y reconociendo la solidaridad de la cuenta; que la escritura hipotecaria otorgada á favor de sus mandantes fué un acto ejecutado expontaneamente por la Narcisa Bascos; y que la acción de nulidad que deducía estaba prescrita desde el 24 de Febrero de 1901, solicitando que se declarase sin lugar la oposición propuesta y se mandase seguir adelante la ejecución.

*Resultando* : que los ejecutantes evacuaron el traslado de la oposición formalizada por José Bascos y Monserrate García de la manera siguiente: que José Bascos contrataba con Antonio Diez y Sucesores de Antonio Diez, llevando provisiones para el sostenimiento de su familia y atenciones de la finca que poseian en unión de su hija Narcisa Bascos; que libre y expontaneamente otorgaron la hipoteca para garantizar el pago de la cuenta que adeudaban á Sucesores de Antonio Diez; y que esta Sociedad tiene inscrito su contrato de Sociedad en el Registro Mercantil, pidiendo que igualmente se desestimase la oposición formulada, mandando seguir adelante la ejecución.

*Resultando* : que el ejecutante, en el día señalado para la proposición de pruebas, propuso la documental siguiente: certificación de hallarse inscrita en el Registro Mercantil la Sociedad Diez y Arrarás; copia literal de la escritura social de Sucesores de Antonio Diez, copia del hecho tercero de la escritura de disolución social de Sucesores de Antonio Diez; y además propuso la prueba de confesión en lo que respecta á Narcisa Bascos y como supletoria de ésta, la pericial para el cotejo de letras; y la ejecutada Narcisa Bascos propuso á su vez la que á continuación se expresa: la de confesión, documental, pericial, cotejo y testifical cuyas pruebas fueron declaradas pertinentes

being jointly and severally bound by said deed to the payment of the debt; and that it was not yet a month since his client Bascos had instituted proceedings to avoid litigation in the municipal court of Añasco for the purpose of obtaining the annulment of the said mortgage deed previously referred to. He therefore prayed that the deed upon which the execution was based be declared null and void, as also the executory action, so far as Narcisa Bascos was concerned.

"Notice of the opposition formulated by Narcisa Bascos was served upon the execution creditor, who made answer thereto, as follows: That José Bascos had always contracted for the use and benefit of his family and of their property; that his daughter Narcisa Bascos was not ignorant of these transactions, for on several occasions she had herself dealt directly with the customers of the firm, applying for advances and provisions, and recognizing the joint obligation of the account; that the mortgage deed executed in favor of the execution creditor was an act voluntarily performed by Narcisa Bascos; and that the action for annulment instituted by her had prescribed on February 24, 1901; for which reasons he prayed that the opposition be dismissed and the execution ordered to be proceeded with.

"The opposition formulated by José Bascos and Monserrate García was answered by the execution creditors as follows: That José Bascos had contracted with Antonio Diez and Successors of Antonio Diez, taking away provisions for the maintenance of his family and requirements of the farm which they owned in common with their daughter Narcisa Bascos; that they had freely and voluntarily executed the mortgage for the purpose of securing the account due by them to Successors of Antonio Diez; and that the latter firm had its articles of copartnership entered in the commercial registry. He prayed that this opposition be likewise dismissed and the execution ordered to proceed.

"On the day set for the submission of evidence the execution creditor proposed the following documentary evidence: A certificate showing that the firm of Diez & Arrarás was entered in the commercial registry; a true copy of the articles of copartnership of Successors of Antonio Diez; a copy of the third clause of the deed of dissolution of the firm of Successors of Antonio Diez; he further proposed the proof of confession with respect to Narcisa Bascos, and as supplementary thereto, that of expert testimony for the comparison of handwriting. And the execution debtor, Narcisa Bascos, in turn proposed the following proofs: That of confession, documen-

por auto de veinte y seis de Abril del año anterior y mandadas á
practicar con citación de la parte contraria.

*Resultando*: que en el acto del Juicio oral principiado el seis de
Diciembre de 1902 y continuado el veintiuno del mes en curso, se
practicaron las pruebas propuestas, verificado lo cual procedieron
á informar los abogados de las partes sobre aquellos puntos que
creyeron conveniente al derecho de sus patrocinados, procediéndose
á la votación de la sentencia el día señalado al efecto, constituido el
Tribunal en audiencia pública, siéndolo por unanimidad.

*Resultando*: que en la sustanciación del presente litigio se han
guardado las reglas del procedimiento.

*Visto*, siendo Ponente el Juez Asociado Don Luis Mendez Vas.

*Considerando*: que en la oposición formulada por los ejecutados,
son dos los puntos que deben resolverse en esta sentencia, á saber: si
la Sociedad ejecutante Diez y Arrarás tiene personalidad para pro-
mover esta ejecución en el carácter de liquidadores de Sucesores de
Antonio Diez; siendo el segundo punto á resolver, el de si el título
que sirve de base á la ejecución es válido, ó si por el contrario adolece
de algún vicio que envuelva la nulidad del mismo.

*Considerando*: que en cuanto al primer punto, el de falta de per-
sonalidad de la sociedad ejecutante, está completamente desprovisto
de fundamento, por cuanto en la escritura de constitución social de
Diez y Arrarás se establece de una manera que no deja lugar á dudas
de ningún género, en la cláusula décimo tercera que la nueva sociedad
será liquidadora de Sucesores de Antonio Diez, estando inscrita dicha
escritura, según es de verse por la certificación obrante al fólio 126 de
estos autos, en el Registro Mercantil de Ponce con fecha primero de
Abril de 1902, y aún cuando esta inscripción ha sido hecha con pos-
terioridad á la interposición de la demanda ejecutiva, semejante cir-
cunstancia carece de la importancia que le atribuye la representación
profesional de José Bascos y Monserrate García, pues si bien la falta
de personalidad produce la nulidad de las actuaciones en que haya
intervenido el que sin derecho á ello ha gestionado en juicio, dichas
actuaciones revalidan *ipso facto* tan pronto se subsane la citada falta,
según tiene declarado el Tribunal Supremo de España en repetidas
sentencias.

*Considerando*: además que según resulta de la certificación
obrante á los fólios 127 siguientes de estos autos, la Sociedad
Sucesores de Antonio Diez, S. en C. está inscrita en el Registro Mer-
cantil de Ponce desde el 28 de Agosto de 1895, razón más para deses-

tary evidence, expert testimony, comparison of handwriting, and examination of witnesses, which proofs were declared pertinent by a decision of April 26, 1902, and ordered to be taken, with citation of the adverse party.

"At the oral trial, begun December 6, 1902, and continued on the 21st of January, 1903, the evidence offered was taken, after which counsel for the parties pleaded their respective claims, and on the day set for delivery of the judgment, the court being held in public session, the same was unanimously approved.

"The rules of procedure have been observed in the present litigation.

"Associate Judge Luis Méndez Vaz delivered the opinion of the court.

"In the opposition formulated by the execution debtors, two points are to be decided in this judgment, namely: Whether or not the executing firm, Diez & Arrarás, have the necessary personal capacity to institute these execution proceedings, as liquidators of Successors of Antonio Diez; the other point to be decided being, whether the title which furnishes a basis for the execution is valid, or on the contrary, contains some defect involving the nullity of the same.

"As regards the first point, the lack of personal capacity on the part of the executing firm, it is wholly devoid of foundation, inasmuch as in clause 13 of the articles of copartnership of Diez & Arrarás, it is stated in a manner which leaves no room for doubt whatever, that the new firm shall be the liquidator of Successors of Antonio Diaz, said articles being entered in the commercial registry of Ponce, under date of April 1, 1902, as shown by the certificate found at folio 126 of the record; and even if said entry was made subsequently to the institution of the executory action, such a circumstance is devoid of the importance attributed to it by the representative of José Bascos and Monserrate García, for although want of capacity involves the nullity of the proceedings instituted by a party who, without any right, has prosecuted an action, said proceedings become valid *ipso facto*, as soon as the aforesaid incapacity has been removed, as has been held in numerous decisions of the Supreme Court of Spain.

"Moreover, as appears from the certificate found at folios 127 *et seq.* of the record, the firm Successors of Antonio Diez, limited, has been entered in the commercial registry of Ponce since August

timar la falta de personalidad invocada por la representación de José Bascos y su esposa.

*Considerando* : que si bien uno de los requisitos indispensables para la validez de los contratos es el consentimiento, y que es nulo á tenor de lo preceptuado en el Artículo 1265 del Código Civil antiguo, el consentimiento prestado por error ó dolo, es necesario sin embargo que el que invoca la causa de la nulidad la pruebe de una manera satisfactoria á los ojos del juzgador, lo que no ha sucedido en el presente caso, pues lejos de haberse demostrado que Doña Narcisa Bascos suscribió equivocadamente la escritura que sirve de base á la ejecución, inducida á ello por las maquinaciones insidiosas de sus acreedores, se ha demostrado hasta la saciedad que la referida Bascos otorgó dicha escritura con pleno conocimiento de causa por ser conocedora de las operaciones que con Sucesores de Antonio Diez sostenían tanto ella como sus padres según puede comprobarse examinando las esquelas ó papeles privados que suscritos por ella y por ella reconocidos en el acto del juicio oral, existen en estos autos ocupando los folios 52, 53, 54, 55 y 56 sin que argumento tan concluyente ha sido desvirtuado por ninguna de las alegaciones de la parte ejecutada, quien solo se ha limitado á traer para demostrar las maquinaciones insidiosas que precedieron al otorgamiento de la escritura hipotecaria, las declaraciones de dos testigos, José Castillo y Vicente Luperroir quienes únicamente manifestaron en el acto del juicio oral, el primero que en varias ocasiones vió en casa de Bascos á Luis Ortega, socio de Sucesores de Antonio Diez, que concurria á dicha casa con objeto de que Narcisa de aquél apellido le otorgase una hipoteca, manifestándole que de no hacerlo así le pararían perjuicios á ella y á su familia, expresándose en análogos términos el segundo, sin que le conste que se otorgase la escritura de referencia, prueba que es á todas luces insuficiente para destruir el contenido de lo consignado en una escritura pública que debe reputarse válida y eficaz, interín de una manera evidente no se demuestre lo contrario.

*Considerando* : que no habiendo demostrado los ejecutados la causa de nulidad invocada así como tampoco la falta de personalidad alegada, deben ser éstas desestimadas.

*Vistos* los Artículos 1433, 1462, 1465, 1471, 1472 de la Ley de Enjuiciamiento Civil; los del Código Civil aplicables al caso y á la Orden General 118 de 1899.

*Fallamos* : que debemos mandar y mandamos seguir adelante la ejecución hasta hacer trance y remate de los bienes embargados y con

28, 1895, which is a further reason for overruling the exception of want of capacity, urged by counsel for José Bascos and his wife.

''Although one of the essential requisites of the validity of contracts is the consent of parties, and according to article 1265 of the old Civil Code, consent given through error or deceit shall be void, it is necessary, however, that the person who pleads the exception of nullity shall sustain by evidence said nullity to the satisfaction of the judge, which has not been done in the present case; for far from having shown that Narcisa Bascos had signed by mistake the deed on which the execution is based, induced thereto by the insidious machinations of her creditors, it has been fully demonstrated that said Narcisa Bascos had executed said deed with full knowledge of the circumstances, she being aware of the transactions carried on with Successors of Antonio Diez both by herself and her parents, as may be verified upon examining the private notes and papers signed by herself and acknowledged at the oral hearing and which are found at folios 52, 53, 54, 55 and 56 of the record, so conclusive an argument not having been destroyed by any of the allegations of the execution debtor, who has only brought forward to prove the insidious machinations preceding the execution of the mortgage deed, the testimony of two witnesses, José Catillo and Vicente Luperroi, the former of whom, at the oral hearing, merely testified that on several occasions he had seen Luis Ortega, a partner of Successors of Antonio Diez, visiting the house of Bascos for the purpose of inducing Narcisa to execute a mortgage deed, as otherwise she and her family would suffer in their interests; and the other, while testifying to the same effect, added that he did not know whether or not the deed in question had been executed; which evidence is wholly insufficient to destroy the contents of a public document that must be considered valid and effective, unless the contrary be clearly proven.

''Inasmuch as the execution debtors have failed to plead successfully both the exception of nullity and the alleged want of personal capacity, those pleas must be dismissed.

''Having examined articles 1433, 1462, 1465, 1471, 1472 of the Law of Civil Procedure, the articles of the Civil Code applicable to the case, and General Orders No. 118, series of 1899, we adjudge that we should order and do order the execution to proceed until the attached property has been sold at public sale and that out of the proceeds thereof the execution creditors be paid the sum of three thous-

su valor satisfacer al ejecutante la cantidad de tres mil novecientos dollars, intereses convenidos á razón del 12 por ciento anual y costas causadas y que se causen hasta el definitivo pago.

· Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Arturo Aponte, J. A. Erwin, Luis Méndez Vas. ·

*Resultando*: que contra la expresada sentencia interpusieron Don José Bascos, su esposa Doña Monserrate García y la hija Doña Narcisa Bascos recurso de casación por infracción de Ley y elevados los autos á esta Corte Suprema se sustanció el recurso como de apelación cumpliendo con la Ley de la Asamblea Legislativa de doce de Marzo último, señalándose día para la vista, en la que los Letrados de las partes alegaron cuanto estimaron conveniente á la defensa de sus respectivas pretensiones. · ′

Abogado de los apelantes: *Sr. Vázquez* (Fernando).

Abogado de los apelados: *Sr. López Landrón*.

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los resultandos de la sentencia, y además.

*Resultando*: que á instancia de la ejecutada Doña Narcisa Bascos se trajo en el inferior certificación expedida por el Juzgado Municipal de Añasco, en la que consta que dicha Señora presentó ante dicho Juzgado, con fecha 20 de Febrero de 1902, demanda de conciliación para solicitar la nulidad de la escritura hipotecaria de 24 de Febrero de 1897, dice, debe ser de 1898, y en virtud de esa papeleta de demanda se citó á Don Antonio Diez; y á Don José Arrarás, gestores de sucesores de D. Antonio Diez; pero no hay constancia alguna creditiva de que se celebrara dicho acto de conciliación, ni menos que se promoviera juicio sobre la nulidad del contrato.

*Aceptando* los fundamentos de derecho de la sentencia recurrida, y

*Considerando*: que la acción de nulidad de los contratos

and nine hundred dollars, together with the interest agreed upon at twelve per cent. per annum, and costs incurred and that may be incurred, until final payment.

"Thus by this our judgment do we pronounce, order and sign, Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

From the above judgment José Bascos, his wife Monserrate García and daughter Narcisa Bascos, took an appeal in cassation for error of law, and the record having been forwarded to this Supreme Court, said appeal was proceeded with under the provisions of an act of the Legislative Assembly of March 12, 1903.

A day was set for the hearing, when counsel for the parties presented such arguments as were deemed pertinent in support of their respective claims.

*Mr. Vázquez (Fernando)*, for appellants.

*Mr. López Landrón,* for respondents.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

The findings of fact of the judgment are accepted, and furthermore it is found that at the request of the execution debtor, Narcisa Bascos, a certificate was submitted in the lower court, issued by the municipal court of Añasco, wherein it is stated that said Narcisa Bascos had, under date of February 20, 1902, instituted an action to avoid litigation, for the purpose of securing the annulment of the mortgage deed of February 24, 1898, by virtue whereof Antonio Diez, and José Arrarás, managers of Successors of Antonio Diez, were summoned to appear; but there is no evidence showing that said proceedings to avoid litigation had taken place, or that the action for annulment of the contract had been instituted.

The conclusions of law as set forth in the judgment appealed from are accepted.

The right of action for nullity of contracts lasts only four

sólo dura cuatro años, que en el presente caso deben contarse desde que se consumó el impugnado, ó sea, desde el 24 de Febrero de 1898.

*Considerando* : que el error y el dolo que alega en su favor Doña Narcisa Bascos y que no se presumen nunca, no se han demostrado, pero aún susponiendo lo contrario. siempre resultará que la acción de nulidad ha prescrito por el transcurso del término legal que la ley concede para ejercitar con fruto ese derecho :

*Considerando* : que el acto de conciliación tampoco puede producir el efecto de interrumpir la prescripción si no se promoviere el correspondiente juicio dentro de los dos meses siguientes á la celebración al acto sin avenencia, y si esto es así no puede el solo intento de la conciliación producir esos efectos.

*Considerando* : que debiéndose desestimar en su totalidad las pretensiones de los apelantes, deben éstos ser condenados en todas las costas.

*Vistos* los textos legales que en la sentencia se citan y además los Artículos 1300, 1301 del antiguo Código Civil, 1267, 1268 del revisado y 478 de la Ley de Enjuiciamiento Civil.

*Fallamos* : que debemos confirmar y confirmamos la sentencia recurrida con las costas á los apelantes y ejecutados D. José Bascos, Doña Monserrate García y Doña Narcisa Bascos y García; y devuélvanse los autos al Tribunal de Mayagüez con la certificación correspondiente.

Jueces concurrentes : Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

years, which in the present case should be counted from the time the one contested consumed the time, namely, February 24, 1898.

The error and deceit alleged in her favor by Narcisa Bascos, which should never be presumed, have not been proven, and even supposing the contrary to be the case, there would still be the fact that the right of action for nullity had prescribed by the lapse of the legal period allowed for the successful prosecution of said action.

Nor can the proceedings to avoid litigation produce the effect of interrupting prescription, if the proper action be not instituted within the two months next following the unsuccessful attempt to reach a conciliation by said proceedings, and if this be so, the mere intention to institute them cannot produce such effects.

Inasmuch as all the matters alleged by the appellants must be rejected, all the costs should be imposed upon them.

Having examined the legal authorities cited in the judgment, and also articles 1300 and 1301 of the old, and 1267, 1268 of the revised Civil Code, and article 478 of the Law of Civil Procedure, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellants and execution debtors, José Bascos, Monserrate García and Narcisa Bascos y García.

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.